958 So.2d 973 (2007)
Robert J. MASTERS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3508.
District Court of Appeal of Florida, Fifth District.
May 18, 2007.
James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, C.J.
Masters appeals his civil commitment under the Jimmy Ryce Act.[1] He argues that the trial court erred in admitting hearsay evidence against him because that evidence was not reliable. He also argues that section 394.9155(5), Florida Statutes (2006), which authorizes the admission of hearsay in Jimmy Ryce proceedings, violates Article V, section 2(a) of the Florida Constitution, which gives the supreme *974 court the power to regulate practice and procedure. We affirm.

Facts
In December 2002, the State filed an Amended Petition for Declaration and Commitment of Respondent as a Violent Sexual Predator. The petition alleged that Masters had been convicted previously of attempted sexual battery on a child under twelve and that Masters suffered from a mental disorder making it likely that he would engage in acts of sexual violence if not confined to a secure facility.
Before trial, Masters filed a motion in limine to limit the introduction of any documentary evidence containing hearsay under section 394.9155, Florida Statutes (2006), because admission of such hearsay (1) would be contrary to this Court's holding in Jenkins v. State, 803 So.2d 783 (Fla. 5th DCA 2001); (2) would be contrary to the holding in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); and (3) section 394.9155 violated the separation of powers principle and more specifically, Article V, Section 2 of the Florida Constitution. When Masters raised this motion at the beginning of trial, the judge stated she would rule on any objections at the time such evidence was offered.
During trial, two experts testified for the State and one expert testified for Masters. All three experts were asked about three disciplinary reports Masters received while he was in prison. During the testimony of the State's first expert, psychologist Ted Shaw, Masters objected to inquiry about the disciplinary reports. The State voir dired Dr. Shaw, who testified that the disciplinary reports were the type of information he relied upon in performing Jimmy Ryce assessments and that the disciplinary reports were relevant to determining whether Masters was likely to reoffend. The trial court overruled Masters' objections.
Dr. Shaw testified that two of the disciplinary reports were for incidents in which Masters was caught masturbating while looking at underaged females in the prison's visiting park. The third disciplinary report involved an incident in which Masters was caught masturbating while watching a female corrections officer. Masters admitted to Dr. Shaw the incidents involving underage females in the visiting park. He stated that he was aroused by the little girls in the visiting park and could not keep from masturbating even though he knew he was at great risk of being caught. Masters also admitted being sexually attracted "to officers and masturbating in the officer's view."
In anticipation of a defense objection based on double hearsay, Dr. Shaw spoke directly to the corrections officer who wrote up Masters for masturbating in her presence. She told Dr. Shaw that Masters had exposed himself to her many times, but on that occasion, she wrote him up because she was convinced he was purposefully masturbating in her presence.
During the testimony of the State's second expert, psychologist Eric Jensen, the State asked about Masters' disciplinary reports in prison. Dr. Jensen testified these records were the type of information customarily relied upon by experts in the field to perform a civil commitment assessment. Without a hearsay objection, Dr. Jensen testified that the two disciplinary reports involving masturbating while watching underaged females in the visiting park were particularly relevant. Masters told Dr. Jensen that one girl was about eleven or twelve years old and reminded him of the eight-year-old victim he had molested in his criminal case.
The defense presented its expert, psychologist Joseph Sesta. On cross-examination, *975 Dr. Sesta acknowledged, without objection, that Masters had admitted the conduct reported in the disciplinary reports.
In her commitment order, the trial judge stated in pertinent part:
While incarcerated, he received several disciplinary reports, three of which are relevant and involve masturbating in view of a female correctional officer and masturbating while looking at under age girls in the visiting park. The Respondent admitted to engaging in this behavior, as well as the underlying offense, will [sic] all three doctors.

Preservation of Error
Masters first argues that the trial court erred in admitting the disciplinary reports against him because there was no showing that they fit into one of the firmly rooted exceptions to the hearsay rule. Although Masters filed a motion in limine before trial, the trial court declined to rule on the admission of any evidence until the State attempted to introduce it. Masters initially objected to Dr. Shaw's testimony regarding the disciplinary reports, but when the State voir dired Dr. Shaw to establish his reliance on the reports in performing his evaluation under section 90.704, Masters failed to contest this exception to the hearsay rule. In addition, Masters failed to object to Dr. Jensen's or Dr. Sesta's testimony regarding the disciplinary reports. As the court relied upon all three doctors' testimony about the disciplinary reports, Masters should have objected to each doctor's testimony, not just one. Accordingly, Masters failed to preserve his argument that the court erred in allowing inadmissible hearsay evidence against him.

Section 90.704, Florida Statutes
Even if Masters had preserved this argument, he ignores the fact that the State sought to admit testimony regarding the disciplinary reports under section 90.704, Florida Statutes. That section provides an exception to the hearsay rule which allows expert witnesses to testify about "facts or data upon which an expert bases an opinion" so long as those "facts or data are of a type reasonably relied upon by experts in the subject to support the opinion expressed. . . ."
Below, the State sought admission of these reports under this exception by attempting to establish the necessary predicate with its experts. Dr. Shaw testified that the disciplinary reports were the type of information he relied upon in performing Jimmy Ryce assessments and that the disciplinary reports were relevant to determining whether Masters was likely to reoffend. Even though this testimony was not specific enough to meet the predicate required under section 90.704, Masters failed to further challenge the admission of the disciplinary reports after Dr. Shaw had been voir dired to this extent.
Furthermore, Dr. Jensen established the required predicate by testifying that these records were the type of information customarily relied upon by experts in the field to perform a civil commitment assessment. Dr. Jensen testified without any objection at all.

Jenkins
Masters also challenges the admission of testimony regarding the disciplinary reports as violating this Court's ruling in Jenkins. In that case, this Court reversed a Jimmy Ryce commitment order because (1) it was based almost exclusively on hearsay evidence, namely police reports from cases in which Jenkins was not convicted after a plea or trial; and (2) that evidence was not just hearsay, but was *976 double and triple hearsay with no indicia of reliability. 803 So.2d at 787.
For the reasons discussed above, this argument was not preserved for appeal. Even if it had been preserved, it lacks merit because the instant case is distinguishable from Jenkins in several key respects. First, the experts testified that Masters admitted the conduct in two of the three disciplinary reports, specifically the ones involving masturbating while looking at underaged females. As Dr. Jensen stated, these two reports were more relevant to his evaluation than any of the other disciplinary reports. Second, Masters' civil commitment was not based solely on hearsay. There was ample non-hearsay evidence demonstrating that Masters had a problem and was likely to reoffend. Thus, Jenkins does not control. See also In re Commitment of Williams, 841 So.2d 531 (Fla. 2d DCA 2003) (distinguishing Jenkins on similar grounds).

Constitutionality of Section 394.9155(5), Florida Statutes (2006)
Finally, Masters argues that section 394.9155(5), Florida Statutes (2006) is unconstitutional because it purports to regulate, in a Jimmy Ryce proceeding, the procedure for admitting evidence, which is the exclusive responsibility of the supreme court under Article V, Section 2(a) of the Florida Constitution. This issue was preserved below. The standard of review is de novo. Lowe v. Broward County, 766 So.2d 1199 (Fla. 4th DCA 2000).
Section 394.9155(5), Florida Statutes, states:
(5) Hearsay evidence, including reports of a member of the multidisciplinary team or reports produced on behalf of the multidisciplinary team, is admissible in proceedings under this part unless the court finds that such evidence is not reliable. In a trial, however, hearsay evidence may not be used as the sole basis for committing a person under this part.
Article V, Section 2(a) of the Florida Constitution states, in pertinent part, that the "supreme court shall adopt rules for the practice and procedure in all courts. . . ."
Masters' constitutional challenge was expressly rejected in In re Commitment of Cartwright, 870 So.2d 152 (Fla. 2d DCA 2004). In Cartwright, the second district held that section 394.9155(5) does not infringe upon the supreme court's rulemaking authority in procedural matters, as granted by Article V, Section 2 of the Florida Constitution, because (1) section 394.9155 is a procedural provision that is "intimately related to" or "intertwined with" substantive statutory provisions of the Jimmy Ryce Act; (2) in Florida Rule of Civil Procedure 1.010, the supreme court delegated to the legislature the authority to determine procedure in all special statutory proceedings, such as civil commitment proceedings under the Jimmy Ryce Act; and (3) case law supports the conclusion that the provision is constitutional. Cartwright, 870 So.2d at 157.
Masters attacks Cartwright generally on the ground that section 394.9155(5) denies him the right of confrontation. The court in Cartwright rejected that argument, stating:
The Confrontation Clauses of both the United States and Florida Constitutions are expressly limited to "criminal prosecutions." Conner[2] is thus wholly inapposite to a civil commitment proceeding such as the one at issue here. But see Jenkins v. State, 803 So.2d 783, 785 (Fla. 5th DCA 2001) ("Obviously [section 394.9155(5)] must be construed in light *977 of the Fourteenth Amendment right of confrontation.").
Id. at 156. Subsequent cases have also held that the constitutional right of confrontation does not bar the admission of hearsay evidence in civil commitment proceedings. Marshall v. State, 915 So.2d 264, 267 (Fla. 4th DCA 2005); In re Commitment of Burton, 884 So.2d 1112, 1114 (Fla. 2d DCA 2004). All of these cases note the contrary language in Jenkins that "[o]bviously [section 394.9155(5)] must be construed in light of the Fourteenth Amendment right of confrontation." Jenkins, 803 So.2d at 785.
We are not bound by this language in Jenkins because it is dictum. The constitutionality of section 394.9155 was not raised in Jenkins. Subsequent cases in which this argument was raised have expressly rejected it. Jenkins is also distinguishable on the grounds previously discussed.
Accordingly, we affirm.
AFFIRMED.
ORFINGER and EVANDER, JJ., concur.
NOTES
[1] §§ 394.910-.930, Fla. Stat. (2002).
[2] Conner v. State, 748 So.2d 950, 960 (Fla. 1999).