970 So.2d 900 (2007)
David Eugene GREENE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-365.
District Court of Appeal of Florida, Fifth District.
December 21, 2007.
James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
David Eugene Greene appeals the final order of the trial court committing him to the custody of the Department of Children and Families after a jury determined that he was a sexually violent predator pursuant to the Jimmy Ryce Act, otherwise referred to as the Sexually Violent Predator Civil Commitment Act.[1] We affirm.
Mr. Greene first argues that the Act does not apply to him because he was not in custody for a sexually violent offense at the time the petition for commitment was filed. Mr. Greene had, in fact, been convicted of a sexually violent offense in 1995, for which he was placed on community control. He subsequently violated community control and was sentenced to prison. Mr. Greene was released from prison in December of 1998. The effective date of *901 the Jimmy Ryce Act was January 1, 1999, about one month after his release. In August of 1999, Mr. Greene was convicted of stealing an automobile and was sent back to prison. At the conclusion of this prison term the State commenced commitment proceedings and Mr. Greene was transferred to the custody of the Department of Children and Families for secure confinement pending the completion of the Jimmy Ryce commitment action. A jury thereafter found him to be a sexually violent predator, the trial court rendered its final order, and this appeal ensued.
Mr. Greene asserts that section 394.925, Florida Statutes (1999), does not apply to him. That statute reads as follows:
Applicability of actThis part applies to all persons currently in custody who have been convicted of a sexually violent offense, as that term is defined in s. 394.912(9), as well as to all persons convicted of a sexually violent offense and sentenced to total confinement in the future.
The issue raised by Mr. Greene appears to have been answered contrary to the argument he makes before us by the Third District Court of Appeal in Ward v. State, 936 So.2d 1143 (Fla. 3d DCA), review granted, 939 So.2d 96 (Fla.2006). After an exhaustive review of section 394.925, our sister court concluded that section 394.925 authorizes the State to seek involuntary civil commitment of a person: (1) who had been convicted of a sexually violent offense before the effective date of the Jimmy Ryce Act and had been totally confined as a result; and (2) who was later placed in total confinement after the effective date of the Act because of a subsequent conviction of a non-sexually violent crime. The Court thereafter certified the following question to the Florida Supreme Court:
WHETHER A PERSON WHO WAS NOT IN CUSTODY ON JANUARY 1, 1999, IS ELIGIBLE FOR CIVIL COMMITMENT UNDER THE JIMMY RYCE ACT IF THAT PERSON WAS SENTENCED TO TOTAL CONFINEMENT AFTER JANUARY 1, 1999, BUT THE QUALIFYING CONVICTION OCCURRED BEFORE JANUARY 1, 1999.
We agree with the majority opinion in Ward and likewise certify this question to the Florida Supreme Court as one of great public importance. We do so in part because Hale v. State, 891 So.2d 517 (Fla. 2004), cert. denied, 546 U.S. 828, 126 S.Ct. 39, 163 L.Ed.2d 75 (2005), strongly suggests that the Ward majority arrived at the correct conclusion. See also Moore v. State, 909 So.2d 500 (Fla. 5th DCA 2005).
Mr. Greene next challenges the constitutionality of that part of the Jimmy Ryce Act that allows hearsay testimony to be admitted in the jury proceedings required by the statute based on the Confrontation Clause of the United States Constitution. See § 394.9155(5), Fla. Stat. (2006). We answered this question contrary to Mr. Greene's position in Masters v. State, 958 So.2d 973 (Fla. 5th DCA), review denied, 966 So.2d 967 (Fla.2007), and see no reason to recede from our ruling.
We have reviewed the other matters raised by Mr. Greene and have determined that none are meritorious. Accordingly we affirm.
AFFIRMED.
ORFINGER and LAWSON, JJ., concur.
NOTES
[1] §§ 394.910-.932, Fla. Stat. (2006).