973 So.2d 611 (2008)
Isaac WASHINGTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1771.
District Court of Appeal of Florida, Third District.
January 23, 2008.
Rehearing Denied February 25, 2008.
Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant. Public De fender, for appellant.
Bill McCollum, Attorney General, and Timothy R.M. Thomas, Assistant Attorney General, for appellee.
Before RAMIREZ, SHEPHERD, and CORTIÑAS, JJ.
RAMIREZ, J.
Isaac Washington appeals the trial court's final judgment of adjudication and order of commitment as a sexually violent predator under the Jimmy Ryce Act. We affirm because we conclude that the trial *612 court did not abuse its discretion in admitting deposition testimony during Washington's civil commitment as a sexually violent predator under the Jimmy Ryce Act.
Washington challenged the Jimmy Ryce Act on due process and equal protection grounds, arguing that the statute impermissibly allowed the admission of hearsay evidence. He also argued that the admission of the deposition testimony infringed upon his confrontation right. Washington's argument was based upon the State's attempt to introduce the testimony of a victim that had testified in a 1986 case in which Washington initially was charged with a sex offense, but then pled guilty to a third-degree felony of false imprisonment. The trial court allowed the admission of the witness' testimony into evidence concluding that the deposition testimony was reliable and that the State had established the witness' unavailability.
We agree with Washington that constitutional due process protections under the Florida and United States Constitutions apply to civil commitment proceedings. Kephart v. Hadi, 932 So.2d 1086, 1090 (Fla.2006). However, we find no abuse of discretion in the trial court's determination that the deposition testimony of the victim was sufficiently reliable hearsay. Under the act providing for the Involuntary Civil Commitment of Sexually Violent Predators, hearsay may be admissible:
(5) Hearsay evidence, including reports of a member of the multidisciplinary team or reports produced on behalf of the multidisciplinary team, is admissible in proceedings under this part unless the court finds that such evidence is not reliable. In a trial, however, hearsay evidence may not be used as the sole basis for committing a person under this part.
§ 394.9155(5), Fla. Stat. (2005).
In arguing that the deposition testimony should be excluded, Washington primarily relies on Jenkins v. State, 803 So.2d 783, 785 (Fla. 5th DCA 2001) ("Permitting police reports containing unsworn allegations of serious sexual misconduct into evidence in this case without providing Jenkins any opportunity to confront the witnesses denied him a fair trial.").
The court in Jenkins examined police reports from cases that involved allegations of sexual misconduct that were ultimately resolved by pleas to non-sexual offenses. Id. at 786. Those reports contained statements from witnesses who reported to officers what others had told them. Id. The court stated that a distinction was required between reports that contained unchallenged and unchallengeable hearsay and reports which related to cases in which the respondent has pled or been convicted. Id. at 785. "It is only the latter that have an indicia of reliability." Id.
In contrast to Jenkins, the testimony against Washington was not multiple levels of hearsay in a police report, but rather it was the direct testimony, under oath, of the victim, elicited by Washington's lawyer at the time, whose motive was to defend him against charges of sexual battery. Rather than merely adopting police reports as a factual basis for a plea, Washington affirmatively used the evidence adduced in the deposition to his benefit at the time to successfully negotiate for a reduction of the sexual battery charge to false imprisonment. To permit respondent to use the deposition testimony to his benefit in a criminal prosecution, but forbid the State to use that same testimony in a subsequent civil proceeding would be illogical and unfair.
*613 In reaching its final ruling to accept the deposition testimony into evidence, the court below examined not only the reliability of the testimony, but also examined the unavailability of the witness.[1] The State showed through the testimony of its investigator that it had been unable to procure the attendance or testimony of the witness by process or other reasonable means. The investigator's testimony established that a service called AutoTrack was the main tool used by the State Attorney's Office to locate witnesses or defendants, along with counsel checks, computer checks, the county computer, and the White Pages. Until that day, these checks had been unavailing, producing only an address in Opa-Locka where Ms. Wiggins did not live. That morning, the investigator discovered a New York telephone number through AutoTrack where Ms. Wiggins apparently lived, and the investigator reached her, in a call placed to that number. The State then correctly argued that there was no method to compel an out-of-state witness to testify in a civil proceeding.
The deposition testimony was not the only evidence at trial. The experts based their opinions in large part upon evidence that was otherwise admissible at trial. The State's expert based her conclusions on six sexual incidents that she found to be clinically significant in evaluating Washington. Four of these incidents were detailed to the jury through non-hearsay evidence. The fifth incident was considered by Dr. Swan in her report, but not detailed to the jury by prior agreement.
We thus conclude that the trial court did not abuse its discretion in admitting the witness' deposition testimony. We thus affirm the trial courts order of adjudication and commitment.
Affirmed.
NOTES
[1] To reach our result, we need not decide whether the court's ruling on unavailability was necessary. See Masters v. State, 958 So.2d 973, 976 (Fla. 5th DCA 2007), and the majority and concurring opinions in Pesci v. State, 963 So.2d 780 (Fla. 3d DCA 2007).