GERBER, J.
The defendant appeals from a final judgment finding him to be a sexually violent predator and civilly committing him for treatment pursuant to the Jimmy Ryce Act, sections 394.910-394.932, Florida Statutes (2006). The defendant argues that, in the second phase of the bifurcated trial, the state improperly relied upon inadmissible hearsay regarding a 1988 battery conviction and a 2000 lewd or lascivious conduct acquittal to show that the defendant was a sexually violent predator. We conclude that the state properly relied upon the 1988 battery conviction. However, we conclude that the state improperly relied upon the 2000 acquittal, and that such reliance was not harmless. Therefore, we reverse and remand for a new second phase trial.
In 1988, the police alleged that the defendant, while walking home his wife’s fifteen-year-old girlfriend, pulled her alongside a building. He grabbed her throat and she began screaming. He told her, “If you don’t shut up, I’m going to kill you.” He then ripped open her pants and pulled them down to her ankles. He threw her on the ground while continuing to choke her. He then said, “Please don’t fight me or I will have to kill you.” Two people walked by and the defendant let go of the victim. She pulled up her pants and ran away. Despite those allegations, the state filed a “no information” for attempted sexual battery. Instead, the state charged the defendant with simple battery, to which the defendant pled guilty. The defendant was sentenced to time served.
Later in 1988, the police alleged that the defendant took an eighteen-year-old worn- *182 an against her will to another location and made her perform oral and vaginal sex. During the attack, he threatened her numerous times and grabbed her around the neck, choking her. He put her in his car trunk and drove her around. When she began screaming, he stopped the car and threatened her with a tire iron. He then drove to a wooded area. He took her from the car, said he was going to kill her, and again grabbed her around the neck, choking her and turning her head as if trying to break her neck. He put her back in the trunk, drove her to another location, and finally let her go, naked. The defendant pled guilty to armed kidnapping, attempted first degree murder, and sexual battery with slight force. He was sentenced to prison for a term of years.
In 1999, when the Department of Corrections gave notice that it intended to place the defendant on conditional release, the state petitioned to have the defendant committed as a sexually violent predator based on the two offenses described above. A jury voted 5-1 that the state did not prove the defendant was a sexually violent predator. As a result, the defendant was placed on conditional release.
In 2000, the state charged the defendant in two cases with lewd or lascivious conduct involving persons under sixteen years of age. In one case, the state alleged that the defendant attempted to pull down a girl’s pants while she was sleeping. In the other case, the state alleged that the defendant touched a girl’s vaginal area and reached under her shirt to feel her breasts. On the first case, a jury found the defendant guilty of the lesser included offense of simple battery. On the second case, a jury found the défendant not guilty. The conviction in the first case resulted in the defendant’s conditional release being revoked. The defendant was returned to prison.
In 2006, as the defendant neared the end of his prison sentence, the state petitioned to have the defendant committed as a sexually violent predator based on the two 1988 convictions in conjunction with the 2000 battery conviction. The court bifurcated the trial into two phases. In the first phase, the jury would determine whether the 2000 battery conviction was sexually motivated. If the jury made that determination, then in the second phase, the jury would determine, based on the defendant’s overall history, whether he was a sexually violent predator.
During the first phase, thé juiy unanimously found that the 2000 battery conviction was sexually motivated. Before the second phase began, the defendant moved in limine to prohibit the state’s expert from introducing hearsay evidence regarding the 1988 battery conviction and the charge underlying the 2000 acquittal. The defendant argued that such evidence was unreliable because the state did not prove the original charge of attempted sexual battery in the 1988 case or the lewd or lascivious conduct charge in the second 2000 case. The court permitted the expert to testify regarding the 1988 battery conviction as long as the expert did not mention that: (1) the police originally charged the defendant with attempted sexual battery; or (2) the defendant threatened to kill the victim. The court permitted the expert to testify about the charge underlying the 2000 acquittal without restriction.
The second phase then began. The state’s expert psychologist testified that the defendant should be committed as a sexually violent predator. In support, the expert recounted the allegations supporting the 1988 battery conviction, the 1988 sexual battery conviction, the 2000 battery conviction, and the charge underlying the 2000 acquittal. The expert testified that, during an interview, the defendant admit *183 ted to the accuracy of some of the allegations underlying the 1988 battery conviction. However, the defendant disputed the allegations of the charge underlying the 2000 acquittal.
The jury unanimously found the defendant to be a sexually violent predator. After the trial court committed the defendant, the defendant filed a motion for new trial. The defendant argued that the state improperly relied upon the 1988 battery conviction and the charge underlying the 2000 acquittal to show that the defendant was a sexually violent predator. The trial court denied the motion.
This appeal followed. The defendant again argues that the state improperly relied upon the 1988 battery conviction and the charge underlying the 2000 acquittal to show that he was a sexually violent predator. We review the court’s admission of this evidence for an abuse of discretion. See Pesci v. State, 963 So.2d 780, 785 (Fla. 3d DCA 2007) (“A trial court’s ruling on the admissibility of evidence [in a Jimmy Ryce Act trial] will not be disturbed absent a finding that the trial court abused its discretion.”).
Section 394.9155(5), Florida Statutes (2006), provides, in pertinent part, that during a Jimmy Ryce Act trial, “[hjearsay evidence ... is admissible ... unless the court finds that such evidence is not reliable.” § 394.9155(5), Fla. Stat. (2006). Based on this standard, we conclude that the state’s hearsay evidence regarding the 1988 battery conviction was reliable. The defendant pled guilty to allegations which could have supported a charge of attempted sexual battery. The fact that the state chose to charge those allegations only as a battery is irrelevant to those allegations’ reliability based on the defendant’s plea. See Washington v. State, 973 So.2d 611, 612-13 (Fla. 3d DCA 2008) (affirming the trial court’s admission of the victim’s deposition testimony where the defendant used that testimony to successfully negotiate for a reduction of a sexual battery offense to a non-sexual offense); Pesci, 963 So.2d at 785 (affirming the trial court’s admission of hearsay evidence regarding an out-of-state sexual offense for which the defendant was not convicted; the defendant fled to Florida pending trial on that offense, changed his name, and during an interview admitted to the accuracy of most of the hearsay evidence presented). Thus, the state’s hearsay evidence regarding the 1988 battery conviction was reliable.
However, we conclude that the state improperly relied upon the charge underlying the 2000 acquittal. The defendant not only disputed that charge, but a jury acquitted him of that charge. Thus, there is nothing in the record which causes the state’s hearsay evidence regarding that charge to be rehable. Accordingly, the trial court erred in admitting evidence of that charge. See Jenkins v. State, 803 So.2d 783, 787 (Fla. 5th DCA 2001) (“[The defendant] was committed, to a large extent, on the testimony of out-of-court witnesses given through the mouths of police officers, which testimony lacked the indicia of reliability resulting from a trial which ended either in a conviction by the factfin-der or in a plea to an offense relating to the critical allegations ... The introduction of this unreliable evidence was so prejudicial that it tainted the entire proceedings.”).
The trial court’s error in permitting the state to rely upon the 2000 acquittal was not harmless. We have held that under the harmless error test for a civil case, “the beneficiary of the error in the trial court must show on appeal that it is more likely than not that the error did not influence the trier of fact and thereby con *184 tribute to the verdict.” Special v. Baux, 79 So.3d 755, 771 (Fla. 4th DCA 2011), rev. granted sub. nom. Special v. W. Boca Med. Ctr., 90 So.3d 273 (Fla.2012). But see Pesci, 963 So.2d at 787-88 (applying the “beyond a reasonable doubt” standard to the harmless error test in a Jimmy Ryce Act appeal).
Here, the state has not shown it is more likely than not the error did not contribute to the verdict. Other than the 2000 battery conviction and charge underlying the 2000 acquittal, the state’s evidence in the instant petition was virtually the same as the state’s evidence in the 1999 petition, upon which a jury found 5-1 that the state did not prove the defendant was a sexually violent predator. The state has not shown that the jury still would have found the defendant to be a sexually violent predator without hearing of the charge underlying the 2000 acquittal, which involved a child and was similar in nature to the 2000 battery conviction also involving a child.
Based on the foregoing, we reverse the trial court’s commitment of the defendant and remand for a new second phase trial. As for the defendant’s other two arguments in this appeal seeking dismissal of the petition, we affirm without further discussion.

Affirmed in part, reversed in part, and remanded for new second phase trial.

MAY, C.J., and GROSS, J., concur.