DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TERRY D. WILLIAMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-4245

[April 25, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 502016CF006004AMB.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges a final judgment finding him to be a sexually violent predator and committing him to custody and treatment pursuant to the Jimmy Ryce Act. He contends that the trial court erred in allowing the State to present hearsay evidence of prior, unproven allegations of sexual conduct, including allegations from two cases on which the State did not file charges and one in which appellant was acquitted of the charges of a sexual nature. We agree that the court abused its discretion in allowing the State to use these incidents, as they were unreliable. Their use was not harmless. We therefore reverse.

The State filed a petition for involuntary commitment of appellant as a sexually violent predator pursuant to the Jimmy Ryce Act, section 394.914, Florida Statutes (2016). It alleged that: appellant had been convicted in 1997 for two counts of a sexually violent offense, namely lewd and lascivious acts on a minor; he was currently incarcerated but set for release; had multiple personality disorders and suffered from pedophilia; and would be likely to commit other sexually violent acts unless he was

subject to long term custody and treatment.[1]  The court found probable cause, as is required under section 394.915(1), and appellant was held in custody.

Prior to trial, appellant moved in limine to exclude evidence of any unproved criminal conduct, namely two incidents of molestation of a person twelve or older, one in 2004 and one in 2008.  In each, although he was arrested, the State did not file any charges against him.  Appellant also moved to exclude evidence of a 2010 case in which he was charged with attempted sexual battery but found guilty of simple battery, a lesser offense.  Appellant never admitted the allegations against him in any of these cases.  The trial court denied the motion in limine.

At the jury trial on the petition, the State presented a psychologist as its sole witness.  The psychologist testified that he relied on the arrest reports for the above cases, pre-sentence investigation reports, past judgments, and other Department of Correction records to evaluate the appellant.  Appellant had refused to speak with the psychologist, so the psychologist relied on appellant's prison record and prior criminal history in determining that he was a sexually violent predator in need of treatment.

The psychologist first provided the details of the original 1997 incident which amounted to lewd acts on a nine-year old girl.  Appellant entered a negotiated plea to those allegations and was designated a sexual offender.  Over appellant's renewed objection, the psychologist was allowed to relate the details of the 2004, 2008, and 2010 incidents, which he had gleaned from the various police reports on the incidents.  The 2004 incident involved a lewd and lascivious act on a female child between twelve and eighteen; the 2008 incident constituted an arrest for a sexual battery on a "mentally retarded" boy who was twelve year old at the time of the incident; and in the 2010 incident, the victim was a girl between twelve and sixteen years old who reported that she had awakened to find her pants pulled down and appellant kissing her buttocks and vagina.  For the 2010 incident, he was charged and tried for attempted sexual battery, but the jury found him guilty of the lesser offense of simple battery.  The probable cause affidavits on all the incidents, the final judgment of the 1997 case, the state's filing of a "no information" on the 2004 and 2008 incidents, and

---

[1] Because of the 1997 conviction, appellant was designated a sexual offender and required to register with the State.  When he failed to register in 2010, the State charged him with failure to register, and he was sentenced to prison.  It was at the end of the imprisonment for failure to register that the Jimmy Ryce petition was filed.

the final judgment of conviction in the 2010 incident were entered into evidence.

The psychologist explained that appellant had been screened for commitment as a sexually violent predator in 2002 prior to his release from prison for the 1997 conviction, but he did not meet the criteria for a face-to-face interview when he had only one conviction. In 2016, however, with four sexually violent offenses, he now qualified for commitment. Thus, the three incidents in 2004, 2008, and 2010 were the significant qualifying factors for the psychologist's opinion.

The jury found that the appellant was a sexually violent predator. In its order, the court committed the appellant to the custody of the Department of Children and Families. Appellant filed this appeal, challenging the admission of the three prior incidents.

Appellant contends that the court abused its discretion by allowing admission of the 2004, 2008, and 2010 incidents because the evidence was unreliable. A trial court's ruling on the admissibility of evidence in this civil commitment proceeding is reviewed for an abuse of discretion. *Delgado v. State*, 125 So. 3d 180, 183 (Fla. 4th DCA 2013).

The Jimmy Ryce Act applies the Florida Rules of Evidence but contains a specific provision with respect to the use of hearsay evidence:

> (5) Hearsay evidence, including reports of a member of the multidisciplinary team or reports produced on behalf of the multidisciplinary team, is admissible in proceedings under this part unless the court finds that such evidence is not reliable. In a trial, however, hearsay evidence may not be used as the sole basis for committing a person under this part.

§ 394.9155(5), Fla. Stat (2016). The pertinent question in this case is whether the admitted hearsay of the three other incidents was reliable.

In *Jenkins v. State*, 803 So. 2d 783, 785 (Fla. 5th DCA 2001), the court considered the application of this section in similar circumstances where the State had presented evidence against a Jimmy Ryce defendant of "police reports containing unsworn allegations of serious sexual misconduct . . . ." The court cautioned:

> Courts must recognize the distinction between police reports which contain unchallenged and unchallengeable prejudicial hearsay and police reports which relate to cases in which the

3

> respondent has pled or has been convicted. It is only the latter
> which have an indicia of reliability.

*Id.* The police reports in *Jenkins* were read at trial by officers, many of whom did not even prepare them, and the officers related statements of witnesses involving details of which the officers had no knowledge. *Id.* at 786. The court found the statements to be completely unreliable.

We followed *Jenkins* in *Delgado v. State*, 125 So. 3d 180 (Fla. 4th DCA 2013). In this Jimmy Ryce civil commitment proceeding, the trial court allowed the State's expert to testify regarding a sexual offense of which the defendant had been acquitted. *Id.* at 182-83. We concluded that the trial court abused its discretion, because the defendant had disputed the allegations of the charge underlying the acquittal, and a jury had acquitted him of the charge. *Id.* at 183. Thus, nothing in the record supported a finding of reliability. *Id.* We specifically cited from *Jenkins*: "[The defendant] was committed, to a large extent, on the testimony of out-of-court witnesses given through the mouths of police officers, which testimony lacked the indicia of reliability resulting from a trial which ended either in a conviction by the factfinder or in a plea to an offense relating to the critical allegations . . . . The introduction of this unreliable evidence was so prejudicial that it tainted the entire proceedings." *Id.* (citing *Jenkins*, 803 So. 2d at 787).

The 2004 and 2008 incidents in this case similarly lack any indicia of reliability. Only the psychologist testified about them and was allowed to relate the contents of police reports filled with out-of-court statements of others regarding the sexual misconduct alleged. Appellant never admitted any of the allegations. Significantly, the State itself filed a "no information" as to each of these incidents, declining to prosecute the defendant, which undermines the reliability of the probable cause information. As there was no other information to support their reliability, the trial court abused its discretion in allowing the expert to testify to their contents and allowing them to be admitted into evidence.

As to the 2010 incident, the State tried appellant on a charge of attempted sexual battery, but appellant was convicted of a lesser included charge of simple battery. In *Delgado,* a similar situation occurred. Delgado was charged in a 2000 incident with lewd and lascivious conduct involving a person under sixteen years of age, but the jury found him guilty of simple battery. *Id.* at 182. The State sought to use that conviction as part of the incidents supporting his involuntary civil commitment under the Jimmy Ryce Act. *Id.* The court bifurcated the trial and first required the jury to determine whether the simple battery conviction was sexually

4

motivated, which the jury found it was. *Id.* The State then was allowed to use that conviction to support the finding that Delgado was a sexually violent predator based on his overall history. *Id.* Delgado did not contest the use of this conviction on appeal. The State suggests that we should interpret *Delgado* to allow the 2010 attempted sexual battery charge, even though the jury did not find that he committed the offense. Since *Delgado* never ruled on the reliability of this evidence, it is not controlling of the issue in this case.

*Delgado* did hold that the trial court abused its discretion in admitting into evidence a charge of lewd or lascivious conduct where the defendant had been acquitted of that charge. *Id.* at 183. "The defendant not only disputed that charge, but a jury acquitted him of that charge. Thus, there is nothing in the record which causes the [S]tate's hearsay evidence regarding that charge to be reliable." *Id.* Similarly, in this case, what the expert testified to and what the police report revealed was a sexual battery, but the jury hearing the criminal case against appellant obviously did not find the appellant guilty of any sexual crime. The trial court had no evidence of reliability of the sexual aspects of the crime as detailed in the police report and other Department of Corrections records. The jury's findings, essentially acquitting him of the greater charge, cast considerable doubt on the reliability of the statements in the report.

Had the court conducted a bifurcated proceeding to determine first whether the 2000 battery conviction was sexually motivated, the State may have been able to offer proof of the allegations by calling the victim in that offense and presenting other evidence to support the fact that there was sexual contact. The record in this case does not contain anything but hearsay within hearsay, proved to be less than reliable by a jury verdict which found no sexual aspect to the 2010 incident. The trial court thus abused its discretion in admitting this evidence.

We distinguish *Pesci v. State*, 963 So. 2d 780 (Fla. 3d DCA 2007), relied on by the State. In *Pesci*, the court allowed the use of police reports of a New York sexual offense where the defendant had admitted to psychologists the accuracy of most of the hearsay evidence presented. *Id.* at 785. In addition, rather than contest the charges in those police reports, the defendant fled from New York; thus, he did not confront his accusers, which showed a consciousness of guilt. *Id.* at 782, 785. In contrast, here, the appellant never admitted any of the hearsay evidence; went to trial on the only case filed against him; and was acquitted of the attempted sexual battery.

5

The admission of these three incidents was not harmless. They formed the core of the case for appellant's involuntary commitment. Without them, the State had no incidents subsequent to the 1997 conviction, which the expert conceded did not warrant a referral for involuntary commitment.

For these reasons, we reverse and remand for a new trial. In any new trial, we do not preclude the State from offering other *reliable* evidence of the 2004, 2008, and 2010 incidents which would support their use in determining whether appellant is a sexually violent predator in need of long term custody and treatment.

*Reversed and remanded for a new trial.*

CONNER and KUNTZ, JJ., concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**